IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK LEVY, ) | |
| ) | |
| Plaintiff, ) | C.A. No. |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| ROBERT J. THERRIEN and ) | |
| BROOKS AUTOMATION, INC., ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff, by his attorneys, alleges, as follows:

**INTRODUCTION**

1. This action arises under Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), [15 U.S.C. §78p(b)] ("Section 16(b)"), a strict liability provision of the federal securities laws having only the following four elements: (1) a purchase and (2) a sale of securities (3) by an officer or director of the issuer or by a shareholder who owns more than ten percent of any one class of the issuer's securities (4) within a six-month period. Section 16(b) is a prophylactic statute and the claims arising thereunder do not require the actual misuse of inside information or any other similar knowing wrongful conduct.

2. As alleged below, during the period that defendant Robert J. Therrien was subject to Section 16(b), he realized profits on the purchase and sale of Brooks Automation, Inc. ("Brooks" or the "Company") equity securities within a period of less than six months. As a result, the short-swing profit associated with the purchase and sale of those equity securities is subject to disgorgement pursuant to Section 16(b).

## PARTIES

3. Plaintiff Mark Levy is a shareholder of Brooks.

4. Defendant Robert J. Therrien ("Therrien") resides at 300 Boylston Street, Boston, Massachusetts 02116. Therrien served as the President from 1989 until February 2003, Chief Executive Officer from 1989 until September 2004, a director of the Company from 1989 and Chairman of the Board since February 2004. He stepped down from the Board in February 2006 and is no longer a director of the Company. Therrien was both an "officer" and a "director" within the meaning of Section 16(b).

5. Defendant Brooks, a corporation formed under the laws of the State of Delaware, maintains its principal offices at 15 Elizabeth Drive, Chelmsford, Massachusetts 01824. The Company's common stock is registered with the SEC pursuant to Section 12 of the Exchange Act and its common stock ("Common Stock") trades on the NASDAQ under the symbol BRKS. This action is brought by plaintiff in order to obtain a recovery for the Company.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa]. Venue is properly laid in this District because Brooks Automation, Inc. is a Delaware corporation.

## CLAIM FOR RELIEF

7. In a Form-10K dated September 30, 1996 the Company disclosed that as of September 30, 1993 it had 703,500 options outstanding to non-employees, employees, directors or consultants under its various stock option plan at exercise prices ranging from $1.67 to $2.43.

8. In a Proxy Statement filed with the SEC on January 18, 2000 the Company reported that on August 13, 1999, "the Company loaned $546,750 to Robert J. Therrien, the President, Chief Executive Officer and a director of the Company, to fund the exercise price due from Mr. Therrien to the Company to exercise options held by Mr. Therrien to purchase 225,000 shares of the Common Stock. Mr. Therrien repaid all principal and accrued interest on the loan on November 19, 1999. The loan was unsecured, accrued interest at a rate of 9% per annum and was due in full on January 3, 2000."

9. On July 31, 2006 the Company filed an amended Form 10-K disclosing that Therrien had purchased Common Stock in November 1999 and that the purchase did not take place pursuant to any option previously granted to him by the Company. Specifically, the Form 10-K reported that:

> [I]n November 1999, three directors of the Company (including Mr. Therrien) signed a ratification document pursuant to which Mr. Therrien was deemed to have been granted a loan as of August 1999. According to the document, in June 1999 our directors (Messrs. Khoury, Emerick and Therrien) discussed extending a loan to Mr. Therrien for the purpose of permitting him to exercise an option to purchase 225,000 shares of the Company's stock prior to its expiration in August 1999. Based on the document, the Company in November 1999 deemed Mr. Therrien to have timely exercised the options, and accounted for the exercise without recognizing compensation expense. As a result of facts obtained by the Special Committee, we determined that Mr. Therrien misrepresented the facts of the loan and the ratification document described above was false as there were no

3

> discussions concerning a loan in June 1999. As a result, we have determined that the option expired in August 1999 and that compensation expense should have been recorded in connection with Mr. Therrien's purchase of stock in November 1999. At that time, Mr. Therrien paid approximately $560,000 (the exercise price of $2.43 per share, plus interest deemed due on the loan) for 225,000 shares then worth approximately $6,314,000 (or $28.06 per share). In the restatement, we have recognized compensation expense in November 1999 equal to the difference between the price paid by Mr. Therrien and the market value of the stock on the date of sale. The three directors including Mr. Therrien are no longer affiliated with the Company.

In other words, Therrien's purchase of stock in November 1999 was not made pursuant to an option previously granted to him by the Company.

10. The acquisition of the 225,000 shares in November 1999 was a purchase within the meaning of Section 16(b).

11. On or about March 23, 2000, Defendant Therrien, within six months of his November 1999 purchase, sold the 225,000 shares of Common Stock in a secondary public offering at a price of $72.01 for total proceeds of $16,202,250.00.

12. As a result, Therrien earned $15,655,500.00 ($16,202,250 - $546,750) in short-swing profits through these transactions.

13. Therrien has to date failed to properly disclose the true date and circumstances surrounding his purchase of the 225,000 shares from Brooks on correct Form 4s. Therefore, Section 16(b)'s two year statute of limitations has been tolled and this action is timely filed.

## ALLEGATIONS AS TO DEMAND

14.     On June 16, 2006, Plaintiff, acting through his counsel, wrote to the Board of Directors of Brooks demanding that it bring an action against Therrien for acquiring options to purchase Common Stock to the extent that the options were acquired without following the requisite corporate procedures or outside the contractual provisions of the stock option program, within six months of corresponding sales of Common Stock at higher prices. Plaintiff further demanded that those short-swing profits must be disgorged to the Company.

15.     On August 14, 2006 the Company responded through its counsel that since April 26, 2006 a special committee of independent directors has been "investigating past stock option grants including the timing of such grants and related issues" and "was already addressing the stock option issues raised in your letter." The Company also informed Plaintiff that it had filed an amended Form 10-K restating certain of its financial statements as a consequence of the special committee's investigation. As alleged above, in the amended Form 10-K Brooks reported that Therrien's November 1999 purchase was not pursuant to the exercise of a previously granted option and that as a consequence it restated its earnings for 1999 specifically to recognize a compensation expense in November 1999 for the transaction. Nonetheless, more than sixty days have passed since Plaintiff's demand and the Company has neither recovered the short-swing profits, nor brought suit to recover those profits, alleged herein to be recoverable by the Company.

## BASIS FOR INFORMATION AND BELIEF

16.     The basis for plaintiff's information and belief is based among other things, upon a review of documents filed with the SEC relating to Brooks, including the following: (I) Form

10-K filed by Brooks on or about December 30, 1996; (ii) Proxy Statements filed by Brooks on or about January 18, 2000 and February 24, 2000; (iii) a Form 4 filed by the Therrien on April 10, 2000; and (iv) amended Form 10-k filed on July 31, 2006.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant Therrien in an amount to be determined at trial, plus attorneys' fees, pre-judgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

DATED August 22, 2006.

_____
Jeffrey S. Goddess (Del. Bar No. 630)
ROSENTHAL, MONHAIT & GODDESS, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com
  Attorney for Plaintiff

OF COUNSEL:

Jeffrey S. Abraham
Jack G. Fruchter
ABRAHAM, FRUCHTER & TWERSKY LLP
One Penn Plaza, Suite 2805
New York, NY 10119
(212) 279-5050

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARK LEVY

**(b)** County of Residence of First Listed Plaintiff: Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) (302) 656-4433
Jeffrey S. Goddess, Rosenthal, Monhait & Goddess, P.A., Wilmington, DE 19899

## DEFENDANTS
ROBERT J. THERRIEN and BROOKS AUTOMATION, INC.
County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Plaintiff alleges insider trading violative of Section 16(b) of the Securities
Brief description of cause: Exchange Act of 1934, and 15 U.S.C. §78p(b)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 8/22/06
SIGNATURE OF ATTORNEY OF RECORD Rosenthal, Monhait & Goddess, P.A.
P. O. Box 1070, Wilmington, DE 19899
(302) 656-4433

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 6 - 5 1 7

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

____8/22/06____  ____[signature]____
(Date forms issued)           (Signature of Party or their Representative)

____Matt Shaw____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action