UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MARK LEVY, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) C. A. No. 06-517 |
| ROBERT J. THERRIEN and<br>BROOKS AUTOMATION, INC. | )<br>)<br>) |
| Defendants. | )<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BROOKS AUTOMATION, INC.'S MOTION TO DISMISS**

J. Travis Laster (#3514)
Matthew F. Davis (#4696)
Abrams & Laster LLP
Brandywine Plaza West
1521 Concord Pike, Suite 303
Wilmington, Delaware 19803
(302) 778-1000
*Attorneys for
Brooks Automation, Inc.*

&

Randall W. Bodner, Esq.
Michael T. Marcucci, Esq.
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000
*Of Counsel*

Filed November 30, 2006

{A&L-00020263-}

# TABLE OF CONTENTS

                                                                    **Page**

TABLE OF AUTHORITIES ................................................................................................... iii

ARGUMENT ............................................................................................................................ 1

I.     THE JUNE 16, 2006 LETTER WAS NOT AN ADEQUATE DEMAND UNDER SECTION 16(B), AND PLAINTIFF MAKES ALMOST NO ATTEMPT TO ARGUE THAT IT WAS ............................................................................................ 1

     A.    Dismissing the Complaint Will Vindicate Both the Plain Language of the Statute and the Strong Policies of Delaware Law Underlying the Requirements for a Sufficient Demand Letter ........................................... 3

     B.    Lack of Information Does Not Excuse a Proper Demand, Rather It Counsels Plaintiffs and Their Attorneys to Wait Until They Know Something Before Serving Up Placeholder Demands ......................................................... 3

     C.    Given the Posture of the Case, Permitting Plaintiff to Proceed on Demand Futility Grounds Would Not Serve the Statutory Purposes and Would Simply Encourage Similar Actions ....................................................................... 4

II.    BROOKS ACCEPTS PLAINTIFF'S OFFER AND REQUESTS THAT IT BE LISTED AS A NOMINAL DEFENDANT ONLY IN THE CAPTION .......................... 5

CONCLUSION ........................................................................................................................ 6

# TABLE OF AUTHORITIES

Page

## STATE CASES

*Yaw v. Talley*,
 Civ. A. No. 12882, 1994 WL 89019 (Del. Ch. Mar. 2, 1994) ..................................................4

## FEDERAL STATUTES

15 U.S.C. § 78p(b) ........................................................................................................................1, 2

## ARGUMENT

The question for this Court on Brooks Automation, Inc.'s ("Brooks" or the "Company") motion to dismiss is a simple one: did the June 16, 2006 letter from Mr. Levy's counsel to Brooks (the "June 16 Letter") demand or request that Brooks bring the action that the Plaintiff, Mr. Levy, filed on August 22, 2006? A comparison between the June 16 Letter and the Complaint demonstrates that the answer is no. Mr. Levy has failed to comply with the demand requirement of Section 16(b) of the Securities Exchange Act, and thus his Complaint must be dismissed. 15 U.S.C. § 78p(b).

### I. THE JUNE 16, 2006 LETTER WAS NOT AN ADEQUATE DEMAND UNDER SECTION 16(b), AND PLAINTIFF MAKES ALMOST NO ATTEMPT TO ARGUE THAT IT WAS

The gravamen of Plaintiff's complaint is that Defendant Therrien violated Section 16(b) by purchasing stock from Brooks in November 1999 and then selling Brooks stock in March 2000. Compl. ¶¶ 10-11. The June 16 Letter, which Plaintiff purports constituted the demand required by Section 16(b), made no mention of Mr. Therrien's November 1999 stock acquisition, the March 2000 sale, or even the basic theory Plaintiff now advances in the Complaint. *See* Brooks Ex. A.[1] Instead, the June 16 Letter generically alleged that Mr. Therrien as well as other former officers and directors of Brooks violated Section 16(b) "[t]o the extent that the options" they received within six months of corresponding sales "were acquired without following the requisite corporate procedures or outside the contractual provisions of the stock option program." Brooks Ex. A. This does not describe in any way the action Mr. Levy ultimately filed, much less

---

[1] Brooks refers to the exhibits attached to the Defendants' moving briefs and Plaintiff's answering brief, rather than reattaching such exhibits to this Reply. References to Brooks' exhibits will be referred to as "Brooks Ex. __," to Plaintiff's as "Plaintiff's Ex. __," and to Mr. Therrien's as "Therrien Ex. __."

with sufficient specificity to provide Brooks with notice or fair opportunity to bring the action itself.

Section 16(b) authorizes a "[s]uit to recover" a short-swing profit earned by an officer, director or 10% shareholder of the issuer brought by the issuer itself or by "the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring *such suit* within sixty days after request ...." 15 U.S.C. §78p(b) (emphasis added). Put another way, the statute permits a shareholder to bring the suit demanded if the issuer does not take action within sixty days; it does not authorize the shareholder to bring any Section 16(b) action, whether previously articulated to the issuer or not. Here, the June 16 Letter from Plaintiff's counsel was nothing more than a generalized placeholder, prompted by media attention on stock option dating in general and Brooks in particular, and casting a wide net in an effort to cover any possible Section 16(b) suit that might materialize with further disclosures. As set forth in Brooks' moving brief, the vague and generic terms of the June 16 Letter fall well short of the demand requirements of Delaware law. *See* Brooks Op. Brief at 6-10. Simply comparing the June 16 Letter to the Complaint demonstrates that there was no factual basis articulated from which the Company could bring "such suit" as Mr. Levy eventually filed. Instead, the Complaint was a wholly new creation, not previously contemplated and certainly not previously articulated by Plaintiff's counsel.

Instead of arguing that the Letter was sufficient, *i.e.,* that it requested Brooks to bring the action Mr. Levy filed on August 22, Plaintiff makes two counterarguments, namely (1) the cat's out of the bag by now with the filing of the Complaint, Brooks has not filed its own suit, and a further demand would be futile and thus dismissal would, in

effect, be a waste of time and (2) Plaintiff did not have sufficient information on June 16 to make a proper demand, so the Court should accept his meager substitute as the best he could manage under the circumstances. Neither argument countervails the statute or the strong policies underlying its demand requirement.

### A.  Dismissing the Complaint Will Vindicate Both the Plain Language of the Statute and the Strong Policies of Delaware Law Underlying the Requirements for a Sufficient Demand Letter

Dismissing the Complaint will not only hold the Plaintiff to the clear requirements of Section 16(b) but will also serve an important function going forward both as to Brooks and other issuers. If the June 16 Letter was a sufficient demand to authorize Mr. Levy to bring this Complaint against Mr. Therrien, it would likely be sufficient to allow him to file any Section 16(b) lawsuit against any Brooks-affiliated defendant. As long as the action is against a Brooks officer and has some connection, however tenuous, to a stock option grant, Levy could simply launch another lawsuit without warning to the Company. This would deprive the Company of a fair chance to consider those actions in the same way Plaintiff jumped into this litigation without fairly presenting his proposed action to the Company. Further, dismissal would demonstrate to other Plaintiffs considering a similar tactic—generic, placeholder demands at the outset of a public scandal—that they should do their homework first, and bring something of value to the table before trying to lay the groundwork for a Section 16(b) claim.

### B.  Lack of Information Does Not Excuse a Proper Demand, Rather It Counsels Plaintiffs and Their Attorneys to Wait Until They Know Something Before Serving Up Placeholder Demands

Plaintiff's contention that the June 16 Letter "was as comprehensive as the facts existing on that date would allow," Plaintiff's Ans. Brief at 8, has nothing to recommend it as a justification for his vague and non-specific demand. The argument simply proves

{A&L-00020263-}                                3

that Plaintiff was not in a position to make an adequate demand on the Company in June and thus should not have made any demand until he discovered or learned of sufficient facts to give him something useful to say. Approving a generic "demand" as a sufficient prerequisite to a Section 16(b) action would result in issuers being inundated by an onslaught of placeholder demands advancing vague, undifferentiated Section 16(b) claims, thus exposing corporations and their Boards to uncertainty over what is required of them and to the costs of investigation with only the barest justification. *See Yaw v. Talley*, Civ. A. No. 12882, 1994 WL 89019, at * 8 (Del. Ch. Mar. 2, 1994) ("[T]o require a Board to investigate claims asserted ambiguously in an equivocal communication would not be an efficient use of corporate resources because the board would lack the information necessary to make a good faith inquiry.").[2]

      C.    **Given the Posture of the Case, Permitting Plaintiff to Proceed on Demand Futility Grounds Would Not Serve the Statutory Purposes and Would Simply Encourage Similar Actions**

At this stage, allowing Plaintiff to argue that he can proceed without amending his Complaint or refiling after an adequate demand because further demand would be futile would simply reward the shell game he commenced with the June 16 Letter. The scattershot allegations in the June 16 Letter, if endorsed, would force the Company (and others in its position) to divine the claims intended by a would-be Section 16(b) plaintiff rather than requiring, as does the statute, a plaintiff to demand that the issuer bring "such suit." Plaintiff now tacitly admits Brooks could not have done more than guess at the claim he was proposing by the June 16 Letter because he did not have enough facts to articulate it himself in the first place. *See* Plaintiff's Ans. Brief at 8. The June 16 Letter

---

[2] A copy of the unreported *Yaw v. Talley* opinion is attached to Brooks' moving brief as Exhibit D.

{A&L-00020263-}                                                 4

represented gun jumping pure and simple, an attempt by Plaintiff's counsel to secure a place at the table on behalf of Mr. Levy (who was never mentioned in the June 16 Letter) and the single share of Brooks stock he bought eight days before his counsel launched the June 16 Letter. Plaintiff's Ex. A. Such behavior should neither be condoned or ignored.

II.   **BROOKS ACCEPTS PLAINTIFF'S OFFER AND REQUESTS THAT IT BE LISTED AS A NOMINAL DEFENDANT ONLY IN THE CAPTION**

In his Answering Brief, Plaintiff states that "[s]hould the Court desire, the Caption of the Complaint could be changed to explicitly denominate Brooks a nominal defendant." Plaintiff's Ans. Brief at 7-8 n.2. Brooks accepts Plaintiff's offer and respectfully requests that, should the Court decide to deny Brooks' motion to dismiss, the Court revise the case caption to properly denominate Brooks as a Nominal Defendant only.

## CONCLUSION

For the foregoing reasons and those stated in its moving brief, Brooks respectfully requests that the Court dismiss the action, in its entirety.

Respectfully submitted,

/s/ J. Travis Laster
J. Travis Laster (#3514)
Matthew F. Davis (#4696)
Abrams & Laster LLP
Brandywine Plaza West
1521 Concord Pike, Suite 303
Wilmington, Delaware 19803
(302) 778-1000
Email: Laster@AbramsLaster.com
         Davis@AbramsLaster.com

*Attorneys for*
*Brooks Automation, Inc.*

&

Randall W. Bodner, Esq.
Michael T. Marcucci, Esq.
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

*Of Counsel*

Filed November 30, 2006

{A&L-00020263-}                                6

## CERTIFICATE OF SERVICE

I, J. Travis Laster, hereby certify that on November 30, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jeffrey S. Goddess, Esquire
> Rosenthal Monhait Gross & Goddess, P.A.
> Suite 1401, 919 Market Street
> P.O. Box 1070
> Wilmington, Delaware 19899

> /s/ J. Travis Laster
> J. Travis Laster (#3514)
> Matthew F. Davis (#4696)
> Abrams & Laster LLP
> Brandywine Plaza West
> 1521 Concord Pike, Suite 303
> Wilmington, Delaware 19803
> (302) 778-1000
> Email: Laster@AbramsLaster.com
>        Davis@AbramsLaster.com
>
> *Attorneys for Brooks Automation, Inc.*