IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK LEVY, ET AL.,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT J. THERRIEN, ET AL.,<br><br>    Defendants. | C.A. No. 06-517-GMS-LPS |

**DEFENDANT ROBERT J. THERRIEN'S
ANSWER TO PLAINTIFF MARK LEVY'S COMPLAINT**

Defendant Robert J. Therrien ("Defendant" or "Therrien"), by and through his undersigned counsel, answers the allegations of Mark Levy's ("Plaintiff") Complaint paragraph by paragraph as follows:

1. This paragraph states a legal conclusion to which no answer is necessary; to the extent an answer is required, the allegations are denied.

2. The allegations in this paragraph are denied.

**PARTIES**

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and accordingly denies the allegations.

4. The first sentence of this paragraph is denied. As to the second and third sentences, Defendant admits that Therrien served as President and CEO of Brooks Automation, Inc. ("Brooks") between 1989 and 2004 and Chairman of the Board of Brooks between 1989 and 2006. Defendant admits that Therrien is no longer a director of Brooks.

The last sentence of the paragraph calls for a legal conclusion to which no answer is necessary; to the extent an answer is required, the allegations are denied.

  5. The first three sentences of this paragraph are admitted. That last sentence is denied.

## JURISDICTION AND VENUE

  6. This paragraph states legal conclusions to which no answers are necessary; to the extent answers are required, the allegations are denied.

## CLAIM FOR RELIEF

  7. The allegations in this paragraph purport to characterize or describe a Brooks public filing. That document speaks for itself, and to the extent that any allegations concerning that document characterize or describe it inaccurately, those allegations are denied. The remaining allegations in this paragraph are denied.

  8. The allegations in this paragraph purport to characterize or describe a Brooks corporate document. That document speaks for itself, and to the extent that any allegations concerning that document characterize or describe it inaccurately, those allegations are denied. The remaining allegations in this paragraph are denied.

  9. The allegations in this paragraph purport to characterize or describe a Brooks public filing. That document speaks for itself, and to the extent that any allegations concerning that document characterize or describe it inaccurately, those allegations are denied. The remaining allegations in this paragraph are denied.

  10. The allegations in this paragraph are denied.

  11. The allegations in this paragraph are denied.

  12. The allegations in this paragraph are denied.

13. The allegations in this paragraph are denied.

## ALLEGATIONS AS TO DEMAND

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and accordingly denies the allegations.

15. The allegations in the third sentence of this paragraph purport to characterize or describe a Brooks public filing. That document speaks for itself, and to the extent that any allegations concerning that document characterize or describe it inaccurately, those allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and accordingly denies the allegations.

## BASIS FOR INFORMATION AND BELIEF

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and accordingly denies the allegations.

## PRAYER FOR RELIEF

Defendant denies that any of the requested relief, or any other form of relief to Plaintiff, is appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or part, by the applicable statutes of limitation.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed in its entirety.

|  | POTTER ANDERSON & CORROON LLP |
|---|---|

By: _____
Arthur L. Dent (#2941)

OF COUNSEL:
MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO, P.C.
John F. Sylvia
Adam Sisitsky
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

Brian C. Ralston (#3770)
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
adent@potteranderson.com
bralston@potteranderson.com
*Attorneys for Defendant Robert J. Therrien*

Dated: July 28, 2008
876177

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Arthur L. Dent, hereby certify that on July 28, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

> Jeffrey S. Goddess, Esquire
> Rosenthal Monhait & Goddess, P.A.
> 919 Market Street, Suite 1401
> P.O. Box 1070
> Wilmington, DE 19899
> jgoddess@rmgglaw.com
>
> Matthew F. Davis, Esquire
> Abrams & Laster LLP
> 20 Montchanin Road, Suite 200
> Greenville, DE 19807
> davis@abramslaster.com

> /s/ Arthur L. Dent
> Arthur L. Dent (I.D. No. 2491)
> Potter Anderson & Corroon LLP
> Hercules Plaza, 6th Floor
> 1313 N. Market Street
> P. O. Box 951
> Wilmington, DE 19899
> (302) 984-6000
> adent@potteranderson.com

876180