# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK LEVY, ET AL., | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )    C.A. No. 06-517-GMS-LPS <br> ) |
| ROBERT J. THERRIEN, ET AL., | ) <br> ) |
| Defendants. | ) <br> ) |

## ANSWER OF NOMINAL DEFENDANT BROOKS AUTOMATION, INC.

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Nominal Defendant Brooks Automation, Inc. ("Brooks" or the "Company"), for its Answer to Plaintiffs' Complaint, states as follows:

## INTRODUCTION

1.  The allegations in this paragraph purport to describe the action and call for legal conclusions to which no answer is necessary; to the extent an answer is required, the allegations are denied.

2.  The allegations in this paragraph call for legal conclusions to which no answer is necessary; to the extent an answer is required, the allegations are denied.

## PARTIES

3.  Brooks lacks knowledge sufficient to admit or deny the allegations in this paragraph.

4.  Brooks admits the allegations in this paragraph with the exception of the final sentence. The final sentence calls for legal conclusions to which no answer is necessary.

5. Brooks admits the allegations in this paragraph with the exception of the final sentence. Brooks lacks knowledge sufficient to admit or deny the allegations in this paragraph. Brooks further states that it is a nominal defendant and not subject to any claim for relief or damages in this action.

## JURISDICTION AND VENUE

6. Brooks admits that it is a Delaware corporation. The remaining allegations in this paragraph call for legal conclusions to which no answer is necessary; to the extent an answer is required, the allegations are denied.

## CLAIM FOR RELIEF

7. Brooks admits that it filed a Form 10-K with the Securities and Exchange Commission ("SEC") for the fiscal year ended on September 30, 1996. Insofar as the allegations in this paragraph purport to quote or describe the Form 10-K, the Form 10-K itself is the best source of its full content, and to the extent such allegations do not accurately represent the full content of the Form 10-K, the allegations are denied.

8. Brooks admits that it filed a proxy statement with the SEC on January 18, 2000. Insofar as the allegations in this paragraph purport to quote or describe the proxy statement, the proxy statement itself is the best source of its full content, and to the extent such allegations do not accurately represent the full content of the proxy statement, the allegations are denied.

9. Brooks admits that it filed an amended Form 10-K (or the "Form 10-K/A") on July 31, 2006. Insofar as the allegations in this paragraph purport to quote or describe the Form 10-K/A, the Form 10-K/A itself is the best source of its full content, and to the extent such allegations do not accurately represent the full content of the Form 10-K/A, the allegations are denied.

10. The allegations in this paragraph call for legal conclusions to which no answer is necessary.

11. Brooks lacks knowledge sufficient to admit or deny the allegations in this paragraph.

12. The allegations in this paragraph call for legal conclusions to which no answer is necessary; to the extent an answer is required, Brooks lacks knowledge sufficient to admit or deny the allegations in this paragraph.

13. The allegations in this paragraph call for a legal conclusion to which no answer is necessary; to the extent an answer is required, Brooks lacks knowledge sufficient to admit or deny the allegations in this paragraph.

## ALLEGATIONS AS TO DEMAND

14. Brooks admits that Plaintiff's counsel wrote a letter dated June 16, 2006, to the Board of Directors of Brooks. Insofar as the allegations in this paragraph purport to quote or describe the letter, the letter itself is the best source of its full content, and to the extent such allegations do not accurately represent the full content of the letter, the allegations are denied.

15. Brooks admits that through its counsel, it wrote a letter to counsel for Plaintiff on August 14, 2006. Insofar as the allegations in this paragraph purport to quote or describe the letter, the letter itself is the best source of its full content, and to the extent such allegations do not accurately represent the full content of letter, the allegations are denied. Brooks admits that it filed a Form 10-K/A on July 31, 2006. Insofar as the allegations in this paragraph purport to quote or describe the Form 10-K/A, the Form 10-K/A itself is the best source of its full content, and to the extent such allegations do not accurately represent the full content of the Form 10-K/A, the allegations are denied. The allegations in the final sentence of this paragraph call for a

legal conclusion to which no answer is necessary; to the extent an answer is required, Brooks admits that more than sixty days have expired since plaintiffs June 16, 2006 letter, that Brooks has not recovered any actual or alleged "short-swing profits," and that Brooks did not commence an action pursuant to 15 U.S.C.§ 78p(b).

## BASIS FOR INFORMATION AND BELIEF

16. Brooks lacks knowledge sufficient to admit or deny the allegations in this paragraph.

Respectfully submitted,

*/s/ Matthew F. Davis*
J. Travis Laster (#3514)
Matthew F. Davis (#4696)
Abrams & Laster LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807
(302) 778-1000
laster@abramslaster.com
davis@abramslaster.com

Randall W. Bodner (admitted pro hac vice)
John H. Ray, III (admitted pro hac vice)
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000
randall.bodner@ropesgray.com
john.ray@ropesgray.com

*Attorneys for Nominal Defendant Brooks Automation, Inc.*

Dated:  August 4, 2008

**CERTIFICATE OF SERVICE**

I, Matthew F. Davis, hereby certify that on August 4, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jeffrey S. Goddess, Esquire
>Rosenthal Monhait Gross & Goddess, P.A.
>Suite 1401, 919 Market Street
>P.O. Box 1070
>Wilmington, Delaware 19899
>jgoddess@rmgglaw.com
>
>Arthur L. Dent, Esquire
>Potter Anderson & Corroon LLP
>1313 North Market Street
>P.O. Box 951
>Wilmington, Delaware 19899
>adent@potteranderson.com

>/s/ Matthew F. Davis
>J. Travis Laster (#3514)
>Matthew F. Davis (#4696)
>Abrams & Laster LLP
>20 Montchanin Road, Suite 200
>Wilmington, Delaware 19807
>(302) 778-1000
>laster@abramslaster.com
>davis@abramslaster.com
>
>*Attorneys for Nominal Defendant Brooks Automation, Inc.*

Dated: August 4, 2008