IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
MARK LEVY                                              :
                                                       :
        Plaintiff,                                     :
                                                       :
   - against -                                         :
                                                       :   C.A. No. 06-517-LPS
ROBERT J. THERRIEN and                                 :
BROOKS AUTOMATION, INC.                                :
                                                       :
        Defendants.                                    :
                                                       :
---------------------------------------------------------x

## FINAL ORDER AND JUDGMENT

WHEREAS, a hearing was held before Judge Leonard P. Stark on _May 17_, 2011, pursuant to this Court's Scheduling Order of _March 29_, 2011, with respect to a Stipulation and Agreement of Compromise, Settlement and Release dated February 17, 2011 (the "Agreement") filed in the above-captioned action (the "Action" and together with the Rosenberg Action as defined in the Agreement, the "Actions"), which is incorporated herein by reference, due notice of said hearing having been given in accordance with the Scheduling Order; and

WHEREAS, terms not defined herein shall have the meaning ascribed to them in the Agreement; and

WHEREAS, the respective parties have appeared by their attorneys of record; and

WHEREAS, the Court has reviewed and considered the submissions and evidence presented in support of the proposed Settlement and the application for an award of attorneys' fees and expenses; and

WHEREAS, the attorneys for the respective parties have been heard; and

26120361_1

WHEREAS, an opportunity to be heard has been given to all other persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the stockholders of Brooks Automation, Inc. ("Brooks") pursuant to the Scheduling Order was adequate and sufficient; and

WHEREAS, the Court has considered, among other matters, the benefits of the proposed Settlement;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED this 17th day of May, 2011, that:

1. The Court has jurisdiction over the subject matter of the Actions, including all matters necessary to effectuate the Settlement, and over all parties to the Actions, including the Plaintiffs, Current Brooks Shareholders, Therrien, and Brooks.

2. The Court finds that the form and manner of notice given to Brooks' stockholders was the best notice practicable under the circumstances, was disseminated to Current Brooks Shareholders in accordance with the Scheduling Order dated March 29, 2011, and fully satisfies the requirements of due process and applicable law.

3. The Court finds that settlement of the Actions in accordance with the terms and conditions of the Agreement is fair, reasonable, and adequate to Brooks.

4. The Court hereby finally approves the Settlement, as contained in the Agreement, in all respects, and orders the parties to perform the terms of the Settlement to the extent the parties have not already done so.

5. The Actions are dismissed with prejudice, each party to bear its own costs, except as otherwise provided herein and in the Agreement.

6. Effective upon Final Court Approval and payment by Therrien of the Escrow Monies as provided in the Agreement, the Plaintiff Releasors release, extinguish, and forever discharge the Therrien Releasees from only the Released Section 16(b) Claims.

7. Effective upon Final Court Approval and payment by Therrien of the Escrow Monies as provided in the Agreement, the Brooks Releasors release, extinguish, and forever discharge the Therrien Releasees from only the Released Section 16(b) Claims.

8. Effective upon Final Court Approval and payment by Therrien of the Escrow Monies as provided in the Agreement, the Plaintiff Releasors release, extinguish, and forever discharge the Brooks Releasees from the Released Related Claims.

9. Effective upon Final Court Approval and payment by Therrien of the Escrow Monies as provided in the Agreement, the Brooks Releasors release, extinguish, and forever discharge the Plaintiffs, their executors, administrators, representatives, agents, attorneys, successors, and assigns from the Released Related Claims.

10. Effective upon Final Court Approval and payment by Therrien of the Escrow Monies as provided in the Agreement, the Therrien Releasors release, extinguish, and forever discharge the Plaintiff Releasors from the Released Related Claims.

11. Effective upon Final Court Approval and payment by Therrien of the Escrow Monies as provided in the Agreement, the Therrien Releasors release, extinguish and forever discharge the Brooks Releasees from the Released Related Claims.

12. The release of claims set forth herein shall not affect the right of the Parties to enforce the terms of this Agreement or the Settlement.

13.  With respect to any release of claims provided by Brooks (either directly or derivatively on behalf of Brooks) to Therrien and/or any release provided by Therrien to Brooks, the release of the claims set forth herein shall not nullify the respective rights and obligations of Brooks and Therrien pursuant to (1) their Mutual Tolling Agreement dated July 27, 2006, (2) the Brooks – Therrien SEC Funding and Limited Release Agreement dated February 17, 2011, and/or (3) the Master Settlement Agreement dated February 17, 2011.

14.  Plaintiffs, all other stockholders of Brooks, and Brooks itself, are barred and enjoined from commencing or prosecuting any action in any forum asserting any of the claims that they, respectively, have released herein.

15.  Plaintiffs' counsel are awarded attorneys' fees and reimbursement of expenses in the amount of $ 569,480.00, which sum the Court finds to be fair and reasonable and which shall be paid from the Escrow Monies (as defined in the Agreement) in accordance with the terms of the Agreement.

16.  Without affecting the finality of this Final Order and Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration, consummation and enforcement of the Settlement.

_____
Hon. Leonard P. Stark
United States District Judge